IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

RAQUEL NOEMI FIGUEROA-
ALONSO

    Debtor

CASE NO. 09-06996 (ESL)

CHAPTER 13

OPINION AND ORDER

This case is before the court upon the *Rule 59(e) Motion Requesting Reconsideration of Opinion and Order* (the "*Motion for Reconsideration*", Docket No. 56) filed by creditor Banco Popular de Puerto Rico ("BPPR") and the *Opposition* thereto filed by the Debtor (Docket No. 62).

BPPR's *Motion for Reconsideration* was filed under Fed. R. Bankr. P. 59(e), applicable in bankruptcy adversary proceedings through Fed. R. Bankr. P. 9023, and is premised on the following arguments: (a) the court erred in applying the doctrine established in In re Jimenez Galindez, 514 B.R. 79 (Bankr. D.P.R. 2014), because it "does not follow the staredecisis [*sic*] doctrine within [the First] Circuit", in which "amendments to claim [*sic*] are freely allowed as long as the purposes is [*sic*] to cure defect in the claim" (Docket No. 56, p. 2, ¶¶ 3-4, original underline); (b) the court "erred in concluding that the confirmed plan did not impair [BPPR's] secured claim under 11 U.S.C. 1322(b)(2)" because it "precludes modification of the rights of secured creditor [*sic*] secured only by Debtor's principal residence as is the case at bar" and "disallowing $8,800 in monthly payments and $654.50 in late charges for a total of $9,454.50 it is evident that a substantial change has occurred which lowers the interest charge and lowers the principal owed, all in violation of 11 U.S.C. 1322(b)(2)" (id., pp. 2-3, ¶¶ 5-7); (c) the court "erred in not finding that the plan was filed in good faith" because "she knew there were arrears pre-petition to the tune of $16,000 [] resting on a mistake made by BPPR by amending her plan which was ultimately confirmed" (id., pp. 3-4, ¶¶ 9-10); and (d) the court "erred in disallowing BPPR's amended claim under the argument that [the] claim is a belated attempt to include pre-

petition arrearages" because "Claim 8-2 does not claim new rights to payment" but rather it was "based on a mortgage" which "was sufficient to constitute proof of creditor's right to collect pre-petition arrears" (id., p. 4-5, ¶¶ 13-15).

In its *Opposition*, the Debtor counters that "BPPR['s *Motion for Reconsideration*] does not offer any new argumentation in support of its position but rather repeats four previous arguments" (Docket No. 62, p. 2, ¶ 5).

<u>Legal Analysis and Discussion</u>

"Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure *in haec verba*." <u>In re Lozada Rivera</u>, 470 B.R. 109, 112 (Bankr. D.P.R. 2012), citing <u>Jimenez v. Rodriguez (In re Rodriguez)</u>, 233 B.R. 212, 218-219 (Bankr. D.P.R. 1999), <u>conf'd</u> 17 Fed. Appx. 5 (1st Cir. 2001). <u>Also see</u> <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991); <u>Lavespere v. Niagara Mach. & Tool Works Inc.</u>, 910 F.2d 167, 173 (5th Cir. 1990), <u>cert. denied</u> 510 U.S. 859, abrogated on other grounds by <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075-1076 (5th Cir. 1994). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b). <u>See</u> <u>Fisher v. Kadant, Inc.</u>, 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)); <u>Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial)</u>, 152 B.R. 786, 788 (D. Mass. 1993). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen[1]] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." <u>In re Lozada Rivera</u>, 470 B.R. at 113, quoting <u>Van Skiver</u>, 952 F.2d at 1243. <u>Also see</u> <u>Universal Ins. Co. v. DOJ</u>, 866 F. Supp. 2d 49, 73 (D.P.R. 2012) ("A motion is characterized pursuant to [Fed. R. Civ. P.] 59(e) or [Fed. R. Civ. P.] 60(b) based upon its filing date.") "The substance of the motion, not the nomenclature used

---

[1] *See* the most recently amended version of Fed. R. Bankr. P. 9023.

-2-

or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. at 113.  Under either rule, "the granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted).

Because in the instant case, BPPRs *Motion for Reconsideration* within 14 days of the entry of the *Opinion and Order*, it will be considered under Fed. R. Civ. P. 59(e), applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 59(e) itself does not state the grounds on which relief under the rule may be granted.  Therefore, trial courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Fed. R. Civ. P. 59(e).  See ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) ("[Trial] courts enjoy considerable discretion in deciding [Fed. R. Civ. P.] 59(e) motions, subject to circumstances developed in the case law."); Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004), citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993); Robinson v. Watts Detective Agency, 685 F.2d 729, 743 (1st Cir. 1982).

Generally, in order for a motion for reconsideration to proceed under Fed. R. Civ. P. 59(e), the movant must clearly establish a manifest error of law or present newly discovered evidence that could not have been diligently found during the case.  See Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing In re Rodriguez, 233 B.R. at 219.  The Court of Appeals for the "First Circuit has explained that a motion for reconsideration brought under Fed. R. Civ. P. 59(e) must be based upon newly discovered evidence or a manifest error of law or fact." BBVA v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).  "To meet the threshold requirements of a successful [Fed. R. Civ. P.] 59(e) motion, the motion must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision." In re Schwartz, 409 B.R. at 250 (citations omitted).

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) (citations omitted). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205 fn.4 (D.P.R. 1999). "A party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued." See Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted). Conversely, the court should renew and reconsider whether it "patently misunderstood a party … or has made an error not of reasoning by apprehension." Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 82 (1st Cir. 2008). Also see Mulero-Abreu v. Puerto Rico Police Department, 675 F.3d 88, 94-95 (1st Cir. 2012) (granting reconsideration in cases of "manifest error of law"). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." United States ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013). "In practice, because of the narrow purposes for which they are intended, [Fed. R. Civ. P. 59(e)] motions typically are denied." Wright & Miller 11 Federal Practice and Procedure § 2810.1 (2nd ed. 2012) at p. 171. "[M]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice'". Conway v. A.I. duPont Hosp. for Children, 2009 U.S. Dist. LEXIS 45198 at *13, 2009 WL 1492178 at *4 (E.D. Pa. 2009). Also see BBVA v. Santiago-Vazquez (In re Santiago-Vazquez), 471 B.R. 752, 761 (B.A.P. 1st Cir. 2012) ("in denying reconsideration, the bankruptcy court correctly applied the [] First Circuit precedent against a second bite at the apple: litigants may not use Fed. R. Civ. P. 59(e) to advance arguments they could have made earlier")

After a careful review of the *Opinion and Order* (Docket No. 54), the court agrees with the Debtor that BPPR's *Motion for Reconsideration* in essence restates its previous arguments

that the court already considered and adjudicated.  Therefore, the court finds that the *Motion for Reconsideration* does not meet the Fed. R. Civ. P. 59(e) standard.

Conclusion

In view of the foregoing, the *Motion for Reconsideration* filed by BPPR (Docket No. 56) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 20th day of July, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge