IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 09-06996 (ESL)

RAQUEL NOEMI FIGUEROA ALONSO                    CHAPTER 13

     Debtor

OPINION AND ORDER

This case is before the court upon the *Amended Motion Requesting Sanctions* (Docket No. 66) filed by the Debtor. The Debtor seeks sanctions against Banco Popular de Puerto Rico (hereinafter referred to as "BPPR") and/or its attorneys for the filing of an amendment to BPPR's claim three months before plan completion. The Debtor alleges that the filing of the amended claim propelled the Debtor into unreasonable and vexatious litigation about an issue that was not warranted by existing law pursuant to Fed. R. Bankr. P. 9011(b)(2). Consequently, Debtor requests monetary sanctions pursuant to Fed. R. Bankr. P. 9011(c)(2) in the form of payment of the attorney's fees and costs incurred in prosecuting its objection to BPPR's amended proof of claim. The attorney's fees and costs amount to $6,052.17 as per the attached itemized detail. BPPR filed its *Response to "Amended Motion for Sanctions"* (Docket No. 73). For the reasons stated herein, the request for sanctions is hereby granted in part and denied in part.

Procedural Background

The Debtor filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on August 25, 2009. On that same date, the Debtor filed her Chapter 13 Plan of Reorganization (Docket No. 4). On October 22, 2009, BPPR filed proof of claim #8-1 in the amount of $81,321.93 of which $3,763.84 was disclosed as pre-petition arrearages. On October 29, 2009, the Debtor filed her *Amended Plan and Notice of Opportunity to Object and for a Hearing* (Docket No. 23). On November 18, 2009, the Court entered an Order confirming the Debtor's Chapter 13 plan dated October 29, 2009 (Docket No. 27).

Subsequently, on May 23, 2014, fifty-five (55) months after filing its original claim, BPPR filed amended secured claim #8-2 in the amount of $83,209.53 of which $13,298.34 was allocated to pre-petition arrearages. On May 28, 2014, BPPR filed an Informative Motion informing that it had amended its claim which requires payments in the amount of $13,298.34 and thus, it appears that the plan is insufficiently funded (Docket No. 32).

On June 24, 2014, the Debtor filed a *Motion Requesting Entry of Order* (Docket No. 34) informing the court that on June 20, 2014, the Debtor, through counsel, sent BPPR's legal representation a safe harbor letter under Fed. R. Bankr. P. 9011 regarding its amended claim to which no response had been received to date. In addition, the Debtor also requested an extension of time to file an objection to BPPR's amended claim. On June 25, 2014, the court granted the Debtor's request for an extension of time to file her objection to BPPR's amended claim (Docket No. 35).

On July 24, 2014, the Debtor filed her *Objection to Claim number (8-1) by Creditor Banco Popular de Puerto Rico and/or request for entry of Order for the Trustee to Perform a Recovery of Disbursed Funds* (the "*Objection to Claim*", Docket No. 38). In *the Objection to Claim* the Debtor argued, among other things, that that the amendment to proof of claim #8 constituted a collateral attack on the confirmed plan which pursuant to 11 U.S.C. §1327 had become *res judicata* amongst the parties to the claim and the bankruptcy estate. Moreover, the Debtor stated that in the case of In re Ayala Pagán, case no. 09-07451 (EAG) the court reasoned that a confirmed plan has *res judicata* effect pursuant to section 1327 and that a post-confirmation amendment to a proof of claim to include charges not included in the confirmed plan was a collateral attack of the plan's confirmation. Finally, the Debtor also appealed to the equitable powers of the court and declared that "[h]ad BPPR originally filed Proof of Claim #8 for $13,298.34, the amount it now claims is the correct amount of pre-petition arrears, the plan would have been sufficient to cover the pre-petition arrears now claimed" and that "BPPR's lack of diligence places Debtor in an untenable situation and could probably force her to file a second bankruptcy case or have her residential property foreclosed, slashing her hopes for a

fresh start after dutifully complying with the terms of the confirmed Chapter 13 Plan" (Docket No. 38).

On September 19, 2014, BPPR filed its *Response to "Objection to Claim Number (8-1) by Creditor Banco Popular de Puerto Rico and/or Request for Entry of Order for the Trustee to Perform a Recovery of Disbursed Funds"* (the "*Response to Debtor's Objection to Claim*", Docket No. 47) by which it argued that: (i) the Debtor cannot modify the rights of secured claims secured by debtor's principal residence pursuant to 11 U.S.C. §1322(b)(2); (ii) BPPR's case is distinguishable from In re Ayala Pagán, case no. 09-07451 (EAG) because in In re Ayala Pagán the plan confirmed was a pay in full through the plan and in BPPR's case the confirmed plan proposed to cure arrears and maintain current payments; (iii) In re Jimenez Galindez is distinguishable because in the instant case the Debtor was aware of BPPR's mistake, given that the Debtor had proposed to pay $16,000 in pre-petition arrears; (iv) the totality of circumstances indicated that the plan confirmed was not filed in good faith pursuant to 11 U.S.C. §1325(a)(3) because the same was filed to take advantage of BPPR's mistake; and (v) the established precedent in the First Circuit is that amendments to proof of claims timely filed are freely allowed to particularize the amount due under a previously asserted right to payment or simply to cure technical defects in the original claim. See In re Hemingway Transp., 954 F. 2d 1, 10 (1st Cir. 1992); In re Crane Rental Co., 341 BR 118 (Bankr. D. Mass 2006) (Docket No. 47).

On December 9, 2014, the Debtor filed her *Reply to Banco Popular de Puerto Rico's Response to Objection to Claim #8-1* as a supplement to her original argument due to recent case law developments in In re Jimenez Galindez, 514 B.R. 79 (Bankr. D.P.R. 2014) and In re Ruiz Martinez, 513 B.R. 779 (Bankr. D.P.R. 2014) arguing that the facts of the case before the court were "virtually undistinguishable" from the facts that generated the opinion and orders in of In re Jimenez Galindez and In re Ruiz Martinez. The Debtor also moved the court for the imposition of costs and attorney's fees to BPPR pursuant to Fed. R. Civ. P. 11 and 68 for Debtor's prosecution of the matter (Docket No. 53).

On January 15, 2015, this court rendered its *Opinion and Order* (Docket No. 54) granting Debtor's objection to BPPR's amended claim and thus disallowing BPPR's amended claim #8-2. In the *Opinion and Order*, the court began its analysis by stating that:

"[t]he core issue before the court is an objection to an amended proof of claim filed three (3) months before Debtor's completion of payments under a confirmed plan and which asserts additional pre-petition arrears owed. However, before addressing the objection to the amended proof of claim this court must determine whether the Debtor is precluded by 11 U.S.C. §1322(b)(2) from providing BPPR with the treatment it received under the Debtor's plan. The secured creditor argues that pursuant to 11 U.S.C. §1322(b)(2) the Debtor cannot modify the rights of holders of secured claims which are secured by debtor's principal residence and thus BPPR should be allowed to amend its claim" (Docket No. 54, pgs. 7-8); In re Figueroa Alonso, 525 B.R. 195, 200 (Bankr. D.P.R. 2015).

After a thorough analysis of whether the Debtor is precluded by 11 U.S.C. §1322(b)(2) from providing BPPR with the treatment it received under the Debtor's plan, the court held that:

"the Debtor's plan did not violate section 1322(b)(2) or (b)(5) since the Debtor paid the secured creditor pursuant to the arrearage amount it disclosed in its original proof of claim and amended her plan to pay the pre-petition arrears in conformity with the secured creditor's original proof of claim. There were no discrepancies between the amended confirmed plan and the timely filed original proof of claim. In this case the Debtor paid the amount of pre-petition arrears that she was required to pay under the original proof of claim and the amended confirmed plan. The Debtor did not modify the rights of the secured creditor by lowering the monthly payments, changing the interest rate, or extending the maturity date of the mortgage note. Therefore this court concludes that the Debtor is not precluded by 11 U.S.C. §1322(b)(2) from providing BPPR with the treatment it received under the Debtor's plan" (Docket No. 54, pg. 11); In re Figueroa Alonso, 525 B.R. at 202.

In In re Figueroa Alonso, the court differentiated the controversy in the instant case from the issue in In re Jimenez Galindez by clarifying that:

"In In re Jimenez Galindez, the secured creditor filed an amended proof of claim five (5) months before completion of payments under the debtors' plan. This amended claim was deemed allowed because it was not objected by any party, thus the court had to delve into the core issue of whether an allowed amended claim pursuant to section 502 trumps the binding effect of a confirmed plan, in that case a post confirmation modified plan pursuant to sections 1327(a) and

-4-

1329(b)(2). The issue in the instant case is whether an amended proof of claim filed three (3) months before completion of plan payments which asserts additional pre-petition arrears owed should be allowed pursuant to the two-prong test established in In re Hemingway Transp., 954 F. 2d 1, (1st. Cir. 1992). The same is before the court upon the Debtor's objection to BPPR's amended proof of claim" (Docket No. 54, pg. 14); In re Figueroa Alonso, 525 B.R. at 204.

The court employed the two-prong test established in In re Hemingway Transp., 954 F. 2d 1 (1st Cir. 1992) to determine whether BPPR's amended proof of claim should be allowed. The court determined that BPPR satisfied the first prong of the test because amended claim #8-2 is similar to the original claim, meaning that BPPR did not assert a distinctly new right. However, this court found that the amended claim did not satisfy the second prong of the test established in In re Hemingway Transp. because the same constituted "… a dilatory tactic by the claimant which would result in unfair prejudice not only to unsecured creditors which have already received their distributions but also to the Debtor who paid the secured creditor as requested in its original proof of claim" (Docket No. 54, pg. 17); In re Figueroa Alonso, 525 B.R. at 206-207. The court also concluded that: "the secured creditor's amended claim filed at month 57 of a 60 month plan constitutes a collateral attack on the Debtor's confirmed plan, and at this late stage the secured creditor has no right to object to a confirmed plan" (Docket No. 54, pg. 18); In re Figueroa Alonso, 525 B.R. at 207.  Lastly, the court concluded that: "[c]learly, balancing the binding effect of a confirmed Chapter 13 plan and the claims allowance process is a fact intensive analysis. The particular facts of this case favor adhering to the binding effect of a confirmed Chapter 13 plan." Id.

Subsequently, on January 29, 2015, BPPR filed a *Rule 59(e) Motion Requesting Reconsideration of Opinion and Order* (the "*Motion for Reconsideration*", Docket No. 56). After several procedural events[1], the Debtor filed a *Motion in Compliance and In Opposition to Banco Popular's Rule 59(e) Motion Requesting Reconsideration of Opinion and Order* (Docket No. 62) stating that BPPR's *Motion for Reconsideration* failed to offer any new argumentation in support of its position and essentially restated the arguments previously advanced by BPPR.

---

[1] See Docket Nos. 57, 59 and 60.

-5-

On July 20, 2015, this court entered an *Opinion and Order* (Docket No. 63) denying BPPR's *Motion for Reconsideration* as it found that it restated arguments that the court had already considered and adjudicated.

On August 3, 2015, the Debtor filed a *Motion Requesting Sanctions* (Docket No. 65). Thereafter, on August 4, 2015, the Debtor filed an *Amended Motion Requesting Sanctions* seeking sanctions against BPPR pursuant to Fed. R. Bankr. P. 9011, 28 U.S.C. §1927 and/or 11 U.S.C. §105(a) alleging that "[t]he relief and remedies sought by BPPR in the amended claim were unwarranted by existing law, were unsupported by the facts and were clearly of a frivolous nature" and that the Debtor had given BPPR several opportunities to withdraw the amended claim (Docket No. 66, p. 4, ¶11). BPPR replied to the Debtor's safe harbor letter alleging that a secured creditor can amend its claim as needed. The Debtor also argues that, "… with the opinions in this district court in the cases of In re Ayala Pagán, 09-07451 (EAG) and In re Galindez, 514 B.R. 79, which address a very similar fact pattern, it becomes evident that the litigation of BPPR's post confirmation amended claim was vexatious and unnecessary."

On September 24, 2014, BPPR filed its *Response to "Amended Motion Requesting Sanctions"* (Docket No. 73) alleging that "[b]ecause Debtors *[sic]* amended Motion for Sanctions is devoid of legal basis the same should be denied" (Docket No. 73, p.3, ¶12). In addition, BPPR asserts that it complied with the requirements of Fed. R. Civ. P. 11(b)(2) and that the Debtor's *Amended Motion Requesting Sanctions* was filed "to harass". Id. at p. 6.

On September 24, 2015, the Debtor filed a *Motion to Deem Parties' Motions Submitted* (Docket 74) requesting that the Court rule on the *Amended Motion Requesting Sanctions* as both parties had submitted their positions in writing. On October 5, 2015, this court entered an Order granting Debtor's *Motion to Deem Parties' Motions Submitted* (Docket No. 76).

The issue before the court is whether BPPR's legal contention regarding an amended claim filed three (3) months before plan completion was not warranted by existing law and contrary to Fed. R. Bankr. P. 9011(b)(2) and thus, the litigation that ensued was unreasonable and constituted vexatious litigation.

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Applicable Law and Analysis

*Sanctions under Fed. R. Bank. P. 9011 and Fed. R. Civ. P. 11*

A request for sanctions under Fed. R. Bankr. P. 9011 must be made separately from other motions or requests. The motion must be served in the manner provided by Fed. R. Bankr. P. 7004 and within the time determined under Fed. R. Bankr. P. 9006(d). See Fed. R. Bankr. P. 9014(b). "Sanctions may not be imposed unless the respondent has been given notice and a reasonable opportunity to respond." In re Terron Hernandez, 513 B.R. 172, 179 (Bankr. D.P.R. 2014). However, when a bankruptcy court considers a motion for sanctions, a "full evidentiary hearing is not required; the opportunity to respond by brief or oral argument may suffice." In re Emanuel, 422 BR. 453,464 (Bankr. S.D.N.Y. 2010).

The record of the case demonstrates compliance with these requirements. Although the Debtor's request for sanctions was originally made jointly with her *Reply to Banco Popular de Puerto Rico's Response to Objection to Claim #8-1* (Docket No. 53), she subsequently filed two (2) separate motions seeking sanctions against BPPR (Docket Nos. 65 and 66). In addition, BPPR was given the opportunity to present its position.

Fed. R. Bankr. 9011(b) provides in pertinent part:

Representations to the court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Bankr. P. 9011(b)(1) and (2).

-7-

Fed. R. Bankr. P. 9011 is derived from Fed. R. Civ. P. 11. The First Circuit has explained that "Rule 11 jurisprudence is largely transferable to Rule 9011 cases." In re CK Liquidation Corp., 321 B.R. 355, 362 (B.A.P. 1st Cir. 2005), quoting Featherston v. Goldman (In re D.C. Sullivan Co.), 843 F.2d 596, 598 (1st Cir.1988)). Fed. R. Bankr. P. 9011 "require[s] an attorney to conduct himself in a manner bespeaking reasonable professionalism and consistent with the orderly functioning of the judicial system. Subjective good faith is not the issue; generally Rule 9011 demands that counsel's actions comport with an objective standard of lawyerly performance." In re D.C. Sullivan Co., 843. F 2d 596, 598-599 (1st Cir. 1988), citing Muthig v. Brant Point Nantucket, Inc., 838 F. 2d 600, 604-605 (1st Cir. 1988); Thomas v. Capital Security Services, 836 F. 2d 866, 873 (5th Cir. 1988); INVST Financial Group v. Chem-Nuclear Systems, 815 F. 2d 391, 401 (6th Cir. 1987), cert. denied, 484 U.S. 927, 108 S. Ct. 291, 98 L. Ed. 2d 251 (1987); Eastway Constr. Corp. v. City of New York, 762 F. 2d 243, 253-254 (2nd Cir. 1985).

The central purpose of Rule 11 is to deter baseless filings. See CQ Int'l Co. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 62 (1st Cir. 2011). Likewise, "the purpose of Federal Rule of Bankruptcy 9011 is to deter baseless filings in bankruptcy court and thus avoid unnecessary judicial effort, the goal being to make proceedings in the court more expeditious and less expensive. The rule imposes sanctions on persons violating the rule and, it is hoped, will act to deter future conduct of the same nature." Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶9011.01 (16th ed. 2015).

"Fed. R. Bankr. P. 9011(b) has four subdivisions which may be further divided in two categories; namely, the frivolousness clauses and the improper purpose clause". In re Terron Hernandez, 513 B.R. 172 at 180, citing In re Am. Telecom Corp., 319 B.R. 857, 867 (Bankr.N.D.Ill.2004). "Fed. R. Bankr.P. 9011(b)(2)-(4), require[ ] that a party's attorney must perform a reasonable preliminary investigation of the facts and the applicable law before filing a

paper in federal court." Id. "Fed. R. Bankr.P. 9011(b)(1) requires courts to apply an objective standard to determine whether a document was or not presented for an improper purpose". Id.

In this case, the Debtor argues that BPPR's post confirmation amended claim and the litigation that ensued were unwarranted by existing law and were clearly of a frivolous nature and contrary to Fed. R. Bankr. P. 9011(b)(2) and thus, BPPR's should be sanctioned pursuant to Fed. R. Bankr. P. 9011(c)(2). The Debtor's argument is based on two (2) opinions in this district court; namely, In re Ayala Pagán, 09-07451 (EAG) and In re Jimenez Galindez, which according to the Debtor address very similar fact patterns. BPPR's response to the Debtor's safe harbor letter was that a secured creditor can amend its claim as needed.

An argument is not warranted by existing law "if it is based on legal theories that are plainly foreclosed by well-established legal principles and authoritative precedent, unless the pleading plainly argues for a reversal or change of law and presents a nonfrivolous argument to support that position." In re CK Liquidation Corp., 321 B.R. 355 at 362, citing In re Willis Furniture Co., 148 B.R. 691, 694 (Bankr. D. Mass. 1992); Dibbs v. Gonsalves, 921 F. Supp. 44, 47-49 (D.P.R. 1996); Aetna Casualty & Sur. Co. v. Kellogg, 856 F. Supp. 25, 32-33 (D.N.H. 1994). Nevertheless, "a legal argument need not ultimately prevail in order to be warranted by existing law." Id. at 363 quoting Associated Indem. Corp. v. Fairchild Indus., Inc., 961 F. 2d 32 (2d Cir. 1992). "In particular, courts generally do not conclude that an unsuccessful argument is not warranted by existing law where the argument involves unsettled or highly complex law." Id. at 363 quoting New England Health Care Employees Union v. Fall River Nursing Home, Inc., 802 F. Supp. 674, 680 (D.R.I. 1992).

The court must determine whether BPPR's legal argument was not warranted by existing law, meaning whether it was foreclosed by well-established legal principles and authoritative precedent. BPPR's in its *Response to Debtor's Objection to Claim* argued, among other things,

that: (i) under 11 U.S.C. § 1322(b)(2) the Debtor could not modify the rights of secured claims secured by debtor's principal residence; (ii) BPPR's case is distinguishable from In re Ayala Pagán, case no. 09-07451 (EAG) because in In re Ayala Pagán the plan confirmed was a pay in full through the plan and in BPPR's case the confirmed plan proposed to cure arrears and maintain current payments; (iii) In re Jimenez Galindez is distinguishable because in the instant case the Debtor was aware of BPPR's mistake, given that the Debtor had proposed to pay $16,000 in pre-petition arrears; and (iv) the established precedent in the First Circuit is that amendments to proof of claims timely filed are freely allowed to particularize the amount due under a previously asserted right to payment or simply to cure technical defects in the original claim. See In re Hemingway Transp., 954 F. 2d 1, 10 (1st Cir. 1992); In re Crane Rental Co., 341 BR 118 (Bankr. D. Mass 2006).

Although none of the arguments advanced by BPPR ultimately prevailed, this court finds that the arguments presented by BPPR were not unreasonable or frivolous and that BPPR's legal counsel performed an objectively reasonable inquiry into the law before filing the amended claim and the *Response to Debtor's Objection to Claim*. BPPR's argument whether the Debtor is precluded under 11 U.S.C. §1322(b)(2) from providing BPPR with the treatment it received under the Debtor's plan, although ultimately unsuccessful, was not plainly foreclosed by well-established legal principles and the court had to delve into the issue[2] and provide a legal determination.

---

[2] The court began its analysis by stating that: "[t]he core issue before the court is an objection to an amended proof of claim filed three (3) months before Debtor's completion of payments under a confirmed plan and which asserts additional pre-petition arrears owed. However, before addressing the objection to the amended proof of claim this court must determine whether the Debtor is precluded by 11 U.S.C. §1322(b)(2) from providing BPPR with the treatment it received under the Debtor's plan. The secured creditor argues that pursuant to 11 U.S.C. §1322(b)(2) the Debtor cannot modify the rights of holders of secured claims which are secured by debtor's principal residence and thus BPPR should be allowed to amend its claim" (Docket No. 54, pgs. 7-8); In re Figueroa Alonso, 525 B.R. 195, 200 (Bankr. D.P.R. 2015).

-10-

In addition, BPPR's legal counsel argued that the facts in this case were distinguishable from the ones in In re Ayala Pagán because the plan confirmed was a pay in full through the plan and in this case the confirmed plan proposed to cure arrears and maintain current payments. BPPR's counsel also argued that In re Jimenez Galindez was distinguishable from the instant case because the Debtor was aware of BPPR's mistake, given that the Debtor had proposed to pay $16,000 in pre-petition arrears and also due to the established precedent in the First Circuit that amendments to proof of claims timely filed are freely allowed to particularize the amount due under a previously asserted right to payment or simply to cure technical defects in the original claim.

Moreover, this court in its *Opinion and Order[3]* clarified that the controversy in the instant case was different from the one in In re Jimenez Galindez because the issue in In re Jimenez Galindez was whether an allowed amended claim pursuant to section 502 trumps the binding effect of a confirmed plan. The issue in this case was whether an amended proof of claim filed three (3) months before completion of plan payments should be allowed pursuant to the two-prong test established in In re Hemingway Transp., 954 F. 2d 1 (1st Cir. 1992) which BPPR referenced and argued that amended claims should be freely allowed.

The court employed the two-prong test established in In re Hemingway Transp., 954 F. 2d 1 (1st Cir. 1992) to determine whether BPPR's amended proof of claim should be allowed.

---

[3] In In re Figueroa Alonso, the court stated: "In In re Jimenez Galindez, the secured creditor filed an amended proof of claim five (5) months before completion of payments under the debtors' plan. This amended claim was deemed allowed because it was not objected by any party, thus the court had to delve into the core issue of whether an allowed amended claim pursuant to section 502 trumps the binding effect of a confirmed plan, in that case a post confirmation modified plan pursuant to sections 1327(a) and 1329(b)(2). The issue in the instant case is whether an amended proof of claim filed three (3) months before completion of plan payments which asserts additional pre-petition arrears owed should be allowed pursuant to the two-prong test established in In re Hemingway Transp., 954 F. 2d 1, (1st. Cir. 1992). The same is before the court upon the Debtor's objection to BPPR's amended proof of claim" (Docket No. 54, pg. 14); In re Figueroa Alonso, 525 B.R. at 204.

The court determined that BPPR satisfied the first prong of the test because amended claim #8-2 is similar to the original claim, meaning that BPPR did not assert a distinctly new right. However, this court found that the amended claim did not satisfy the second prong of the test established in In re Hemingway Transp. because the same constituted "… a dilatory tactic by the claimant which would result in unfair prejudice not only to unsecured creditors which have already received their distributions but also to the Debtor who paid the secured creditor as requested in its original proof of claim" (Docket No. 54, pg. 17); In re Figueroa Alonso, 525 B.R. at 206-207. The court also concluded that: "the secured creditor's amended claim filed at month 57 of a 60 month plan constitutes a collateral attack on the Debtor's confirmed plan, and at this late stage the secured creditor has no right to object to a confirmed plan" (Docket No. 54, pg. 18); In re Figueroa Alonso, 525 B.R. at 207. Lastly, the court concluded that: "[c]learly, balancing the binding effect of a confirmed Chapter 13 plan and the claims allowance process is a fact intensive analysis. The particular facts of this case favor adhering to the binding effect of a confirmed Chapter 13 plan." Id.

Thus, this court finds that the arguments advanced by BPPR in support of the amended claim were not plainly foreclosed by well-established legal principles and thus were not contrary to Fed. R. Bankr. P. 9011(b)(2).

In addition, the Debtor contends that after this court granted Debtor's objection to BPPR's amended claim "creditor BPPR on the 11th hour moved the Court for a reconsideration of the order granting the objection to the amended claim, only increasing the cost of litigation" and that "BPPR only increased the cost of litigation without any valid legal footing" (Docket No. 66, p. 4, ¶10). In the *Opinion and Order* entered on July 20, 2015, (Docket No. 63) this court denied BPPR's *Motion for Reconsideration* and concluded that it agreed with the Debtor's contention that the motion restated the previous arguments that had already been adjudicated. As this court stressed in the *Opinion and Order* regarding the standard for motions for reconsiderations:

"Generally, in order for a motion for reconsideration to proceed under Fed.R.Civ.P. 59(e), the movant must clearly establish a manifest error of law or present newly discovered evidence that could not have been diligently found during the case. See Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 250 (B.A.P. 1st Cir.2008), citing In re Rodriguez, 233 B.R. at 219. The Court of Appeals for the "First Circuit has explained that a motion for reconsideration brought under Fed.R.Civ.P. 59(e) must be based upon newly discovered evidence or a manifest error of law or fact." BBVA v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir.2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir.1997). "To meet the threshold requirements of a successful [Fed.R.Civ.P.] 59(e) motion, the motion must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision." In re Schwartz, 409 B.R. at 250 (citations omitted).

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." Marks 3–Zet–Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006) (citations omitted). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205 fn.4 (D.P.R.1999). "A party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued." See Soto–Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir.2012) (citations omitted)" (Docket No. 63, pgs. 3-4).

Thus, this court finds that the *Motion for Reconsideration* was frivolous because it contained no new evidence or arguments of law. It simply restated the same arguments and controversies that had already been rejected by this court and failed to meet or abide by the standards articulated by the First Circuit regarding motions for reconsideration. This court finds that the arguments advanced by BPPR's legal representation in the *Motion for Reconsideration* violated Fed. R. Bankr.P. 9011(b)(2). See Magnus Electronics Inc. v. Masco Corp. of Indiana, 871 F. 2d 626, 630 (7th Cir. 1989). Once a court finds that Fed. R. Bankr.P. 9011 has been violated "it "may" but is not required to, impose a sanction". Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9011.05[1][f] (16th ed. 2015); In re Kristan, 395 B.R. 500, 510 (B.A.P.

1st Cir. 2008). Therefore, this court must now decide the appropriate sanction, if any, it will impose against BPPR's legal representation pursuant to Fed. R. Bankr. P. 9011(c)(2).

*Nature of Sanctions Under Fed. R. Bankr. P. 9011(c)(2)*

Fed. R. Bankr. P. 9011(c)(2) provides in pertinent part:

"[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, and order directing payment to the movant of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned." Fed. R. Bankr. P. 9011(c)(2).

The bankruptcy court has discretion to determine the type of sanctions that is appropriate. See Lafayette v. Collins (In re Withrow), 405 B.R. 505, 514 (B.A.P. 1st Cir. 2009). Fed. R. Bankr. P. 9011(c)(2) limits the sanction "to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated" and in terms of compensation, "some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation." Courts consider several factors when determining to impose a sanction under Fed. R. Bankr. P. 9011(c), which include the following: "whether the conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from

repetition in the same case; what amount is needed to deter similar activity by other litigants." In re CK Liquidation Corp., 321 B.R. at 362, citing Dibbs v. Gonsalves, 921 F. Supp. at 55 (quoting Advisory Committee Notes to Fed. R. Civ. P. 11.). However, "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Bankr.P. 9011(c)(2); see In re Terron Hernandez, 513 B.R. 172 at 183. Fed. R. Bankr.P. 9011(c)(2) also provides that "the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Bankr. P. 9011.

The court finds that this is the first time, that the court is aware that the secured creditor's attorney has engaged in conduct contrary to Fed. R. Bankr. P. 9011(b)(2). This case is an isolated event. Thus, the court admonishes the secured creditor's attorney for his conduct, in particular filing a frivolous motion for reconsideration, which resulted in unnecessary litigation. The court also imposes a monetary sanction in the amount of $500.00 to deter repetition of such conduct.

### Conclusion

For the reasons stated herein, the Debtor's *Amended Motion Requesting Sanctions* (Docket No. 66) is hereby denied in part and granted in part. This court concludes that the arguments advanced by BPPR in support of the amended claim were not plainly foreclosed by well-established legal principles and thus were not contrary to Fed. R. Bankr. P. 9011(b)(2). The court finds that BPPR's *Motion for Reconsideration* was frivolous because it contained no new evidence or arguments of law, thus the arguments advanced by BPPR's legal representation in the *Motion for Reconsideration* violated Fed. R. Bankr.P. 9011(b)(2). The court sanctions the secured creditor's attorney under Fed. R. Bankr. P. 9011(c)(2) to pay the amount of $500.00 in favor of the Debtor.

SO ORDERED.

In San Juan, Puerto Rico, this 17th day of February, 2016.

Enrique S. Lamoutte
United States Bankruptcy Judge